**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IGEA BRAIN AND SPINE, P.A., *on assignment of MARCOS V*, <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS AND BLUE SHIELD OF MINNESOTA, <br><br> Defendant. | Civil Action No: 16-5844 (SDW) (SCM) <br><br> **OPINION** <br><br><br> May 12, 2017 |

**WIGENTON**, District Judge.

Before this Court is Defendant BCBSM, Inc., d/b/a Blue Cross and Blue Shield of Minnesota's ("BCBSM" or "Defendant") Motion to Dismiss Plaintiff IGEA Brain and Spine, P.A.'s ("IGEA" or "Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

On May 19, 2014, IGEA, a healthcare provider located in New Jersey, rendered medical services to Marcos V. ("the Patient") while he was a participant in a health benefit plan ("Plan") administrated by BCBSM. (Compl. ¶¶ 1 – 6, 14.) IGEA alleges BCBSM has failed to fully reimburse it for these services, resulting in an underpayment of $181,200.00. (*Id*. ¶¶ 9 – 16.)

On May 2, 2015, IGEA obtained an assignment of benefits from the Patient in order to bring the instant action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002, *et seq*. ("ERISA"). (*Id*. ¶7, Ex. B.) IGEA filed a Complaint in the Superior Court of New Jersey, Union County in August 2015 alleging the following claims: (1) Breach of Contract; (2) Failure to Make all Payments Pursuant to Member's Plan Under 29 U.S.C. § 1132(a)(1)(B); (3) Breach of Fiduciary Duty and Co-Fiduciary Duty Under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a); (4) Failure to Establish/Maintain Reasonable Claims Procedures under 29 C.F.R. 2560.503-1; and (5) Breach of the Implied Duty of Good Faith and Fair Dealing. Defendants removed the action to this Court on September 23, 2016, and moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 17, 2017. [1]

II.    **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic

---

[1] This Motion was filed on behalf of both Defendants named in Plaintiff's Complaint, BCBSM and Horizon Blue Cross Blue Shield of New Jersey. Upon stipulation between the parties, the Complaint was dismissed without prejudice as to Horizon Blue Cross Blue Shield of New Jersey on March 27th, 2017. BCBSM is therefore the sole Defendant in this action.

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

### III.  DISCUSSION

ERISA's civil enforcement provision stipulates that actions be brought "by a participant or beneficiary…to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[2] 29 U.S.C. § 1132(a). "By its terms, standing under the statute is limited to participants and beneficiaries." *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). This notwithstanding, the Third Circuit has instructed that

---

[2]  As the parties concede, this action is governed by ERISA, which preempts Plaintiff's state law claims. *See* 29 U.S.C. § 1144. Plaintiff has voluntarily dismissed Count I of the Complaint, but does not address the preemption of Count V. (Pl.'s Br. at 3.) This Court will therefore dismiss Count V of Plaintiff's Complaint.

"healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015).

The assignment of benefits under which Plaintiff brings this action, however, cannot confer derivative standing because the Plan at issue contains anti-assignment clauses that prohibit it. For example, the Plan explicitly prohibits claimants from assigning "to any other person or entity his or her right to legally challenge any decision, action, or inaction of the Claims Administrator." (Siebenaler Decl., Ex. A at 20.) In a section titled "No Third Party Beneficiaries," the Plan specifies that "[n]o person who is not a Plan participant or dependent of a Plan participant may bring a legal or equitable claim or cause of action pursuant to this Summary Plan Description as a third party beneficiary or assignee hereof." (*Id.* at 21.) The "Enforce Your Rights" section provides: "If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court… **however, you may not assign, convey, or in any way transfer your right to bring a lawsuit to anyone else**." (*Id.* at 139 (emphasis in original).)

Although the Third Circuit has not addressed the issue of anti-assignment clauses in health care plans, courts in this District have found provisions similar to those contained in this Plan to be valid and enforceable. *See, e.g. Am. Orthopedic & Sports Med. v. Indep. Blue Cross*, LLC, 2017 WL 1243147 (D.N.J. Feb. 24, 2017); *Cohen v. Indep. Blue Cross*, 820 F. Supp. 2d 594 (D.N.J. 2011); *Gregory Surgical Servs., LLC v. Horizon Blue Cross Blue Shield of New Jersey*, Inc., 2007 WL 4570323 (D.N.J. Dec. 26, 2007); *Briglia v. Horizon Healthcare Servs., Inc.*, 2005 WL 1140687 (D.N.J. May 13, 2005). This is consistent with the overwhelming weight of authority from the various circuit courts that have addressed the enforceability of anti-assignment clauses under ERISA. *See, e.g., Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes,*

*Inc.*, 371 F.3d 1291, 1295 (11th Cir. 2004) ("[W]e are persuaded by the reasoning of the majority of federal courts that have concluded that an assignment is ineffectual if the plan contains an unambiguous anti-assignment provision."); *City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc.*, 156 F.3d 223, 229 (1st Cir. 1998) ("ERISA leaves the assignability or non-assignability of health care benefits under ERISA-regulated welfare plans to the negotiations of the contracting parties."); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kansas, Inc.*, 49 F.3d 1460, 1464 (10th Cir. 1995) ("We interpret ERISA as leaving the assignability of benefits to the free negotiations and agreement of the contracting parties."); *Davidowitz v. Delta Dental Plan of California, Inc.*, 946 F.2d 1476, 1478 (9th Cir. 1991) ("As a general rule of law, where the parties' intent is clear, courts will enforce non-assignment provisions."). Here, the anti-assignment provisions contained in the Plan are clear and unambiguous and thus are valid and enforceable.[3]

Plaintiff argues that Defendant has waived any purported anti-assignment clauses through a course of direct dealing with Plaintiff. (Pl.'s Br. at 7 – 8.) The Complaint states that Plaintiff prepared a Health Insurance Claim Form ("HICF") formally demanding reimbursement for the services rendered to Patient and engaged in Defendant's administrative appeals process. (Compl.

---

[3] Plaintiff relies on New Jersey state court opinions to support its argument that the Plan's anti-assignment clauses are inapplicable to this matter because the Patient assigned a "post-loss claim," not a "pre-loss policy." (Pl.'s Br. at 3 – 4.) As this Court has already noted, the parties agree this action is governed by ERISA, and thus this Court is guided by relevant federal law interpreting its provisions. Furthermore, it appears that none of the cases Plaintiff relies upon concern the assignment of benefits of a healthcare plan to the patient's medical provider, but rather post-loss claims under general liability or property insurance policies. *See Givaudan Fragrances Corp. v. Aetna Cas. & Sur. Co.*, 227 N.J. 322 (2017); *Elat, Inc. v. Aetna Cas. & Sur. Co.*, 280 N.J. Super. 62 (App. Div. 1995); *Flint Frozen Foods v. Firemen's Ins. Co. of Newark*, 12 N.J. Super. 396 (Law. Div. 1951), *rev'd*, 8 N.J. 606 (1952). Plaintiff's argument that these cases support the proposition that Defendant's anti-assignment clauses are inapplicable to this matter is therefore unpersuasive.

¶¶ 8 – 13, Ex. C, E.) Defendant allegedly responded to Plaintiff's appeal. (*Id*. ¶ 13.) These facts are insufficient to constitute a waiver. *See, e.g., Deerhurst Estates v. Meadow Homes, Inc.*, 64 N.J. Super. 134, 145, 165 A.2d 543, 549 (App. Div. 1960), *certif. denied*, 34 N.J. 66, 167 A.2d 55 (N.J.1961) (waiver requires a "voluntary, clear and decisive act, implying an election to forego some advantage which the waiving party might have insisted on.") Simply engaging in a claim review process with Plaintiff does not demonstrate a "clear and decisive act" to waive the Plan's anti-assignment provisions and confer upon Plaintiff standing to sue.[4] *See Middlesex Surgery Ctr. v. Horizon*, 2013 WL 775536, at *4 (D.N.J. Feb. 28, 2013).

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate Order follows.

/s/ Susan D. Wigenton

SUSAN D. WIGENTON, U.S.D.J

Orig:        Clerk
cc:         Steven C. Mannion, U.S.M.J.
            Parties

---

[4] Plaintiff also argues that Defendant's anti-assignment provision is unenforceable because "implicit in the right to receive payment is the right to file suit to collect that payment." (Pl.'s Br. at 7.) Yet, it appears that the Plan also explicitly prohibits the assignment of claim payment to nonparticipating providers. (*See* Siebenaler Decl., Ex. A at 20 – 21 ("When a claimant uses providers who have signed a BlueCard PPO network contract with the local Blue Cross and Blue Shield Plans, the Plan pays the provider. When a claimant uses a Nonparticipating Provider, the Plan pays the claimant. A claimant may not assign his or her benefits to [a] Nonparticipating Provider.").) Moreover, courts in this District have found that even remitting payment directly to a provider does not alone render anti-assignment provisions unenforceable if such action is authorized under the plan at issue. *See, e.g., Advanced Orthopedics & Sports Med. v. Blue Cross Blue Shield of Massachusetts*, 2015 WL 4430488, at *7 (D.N.J. July 20, 2015); *Gregory Surgical Servs., LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 2007 WL 4570323, at *4 (D.N.J. Dec. 26, 2007).